JEPTHA WHARTON and JAMES W. BELL, plaintiffs in error *vs.* J. W. JOSSEY, defendant in error.

Where the plaintiff employed a servant who was indebted to one of the defendants in the sum of $24, in satisfaction of which he had previously contracted to split rails, and defendants removed said laborer and his wife from the control of plaintiff, defendants were not liable for damages to plaintiff until the expiration of a reasonable time for the performance of the contract as to the rails.  (R.)

Master and servant.  Before Judge CLARK.  Webster Superior Court.  September Term, 1871.

All the facts necessary to a clear understanding of this case are set forth in the decision.

W. A. HAWKINS; HAWKINS & GUERRY; THOMAS H. PICKETT, for plaintiffs in error.

No appearance for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendants for persuading, enticing and decoying off from his employment, on his plantation, two servants, to-wit: Isaac Brown and his wife Emily.  On the trial of the case the jury found a ver-

Wharton and Bell *vs.* Jossey.

dict for the plaintiff for the sum of $191. The defendants made a motion for a new trial on the several grounds set forth in the record, which was overruled and the defendants excepted. It appears, from the evidence in the record, that on the 4th day of January, 1871, the plaintiff made a contract with Brown, and employed him as a laborer to work on his plantation for that year, and moved him and his wife there the next day thereafter; did not know that Brown had been employed by Wharton. On the 7th January the defendants removed Brown and his wife from plaintiff's plantation to Sampson Bell's. It also appears, from the evidence, that Brown, at the time he hired himself to the plaintiff, was living with Wharton, one of the defendants, and had been living with him the previous year, and was indebted to him the sum of $24; that Brown had contracted with Wharton to split rails for him to pay the debt. This contract of Brown with Wharton had not been complied with when the defendants removed Brown and his wife from the plaintiff's plantation. This suit was commenced on the 21st February, 1871. In our judgment, the plaintiff had no cause of action against the defendants until the expiration of the time for which Wharton had employed the servant to split the rails in payment of his debt, in the exercise of ordinary labor and diligence for that purpose. Until the servant had completed his prior contract with Wharton, the plaintiff had no claim to his services under his contract. So far as it is shown by the record, at the time the suit was commenced, Brown, the servant, was in the legal employment of Wharton. The plaintiff's right to his services under his contract did not accrue until after the expiration of the servant's contract with Wharton. If the defendants had detained the servant for an unreasonable time, under the pretext of performing his contract with them, or either of them, and thereby deprived the plaintiff of his services under his contract, with knowledge of the same, then the plaintiff would have had a cause of action against them.

Let the judgment of the Court below be reversed.